## MOYLE et al. v. UNITED STATES.
### No. 42045.

Court of Claims.
March 7, 1938.

W. A. Bolinger, of Washington, D. C., for plaintiffs.

John W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a somewhat peculiar case. The plaintiffs sue as surviving partners of a partnership to recover taxes paid. The return of the taxes for the year in controversy was filed in the name of the partnership, the refund claim was filed on behalf of the partnership, and yet it is argued that there was in fact no partnership. Indeed, it is asserted, among other things, in a claim of abatement which was filed that there was no partnership. But it is obvious that this claim can not be sustained. We think what is meant is that although there was a partnership the transactions out of which the income was received [which were the subject of the tax now sought to be recovered] were not partnership transactions. Even this is not sustained by the evidence. The profits which were assessed were made largely, if not entirely, through a lease which was executed by the partnership. The presumption in any event would be that the Commissioner's assessment was correct, but if it is necessary to sustain his findings the evidence clearly has that effect and we conclude that the tax was properly assessed against the partnership.

The plaintiffs also contend that the taxes in controversy were assessed after the period of limitations had expired, but this claim likewise is not sustained by the evidence and the law. The partnership filed a plea in abatement which was submitted to the Commissioner and by him sustained in part. The findings with reference to the plea of abatement and the payment of the tax make section 611 of the Revenue Act of 1928, 45 Stat. 875, applicable. See Graham & Foster v. Goodcell, 282 U.S. 409, 416, 417, 51 S.Ct. 186, 75 L.Ed. 415. And

under the circumstances shown by the evidence, the plaintiffs can receive no benefit from the statute of limitations. See, also, Vanderlip v. United States, 6 F.Supp. 965, 79 Ct.Cl. 489. Moreover, the plaintiffs filed a waiver of the statute of limitations which was accepted by the Commissioner in due time.

The plaintiffs' case is not well founded and their action must be dismissed. It is so ordered.